## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BRUSHY CREEK FAMILY HOSPITAL, LLC,** | § § § | |
| *Plaintiff* | § | **CASE NO. 1:22-CV-00464-JRN** |
| **v.** | § § | |
| | § | |
| **BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION** | § § § | |
| *Defendant* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE JAMES R. NOWLIN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Blue Cross Blue Shield of Texas' Amended Opening Brief and Motion for Summary Judgment, filed November 30, 2023 (Dkt. 52); Plaintiff Brushy Creek Family Hospital, LLC's Response, filed January 22, 2024 (Dkt. 60); and Defendant's Reply, filed February 2, 2024 (Dkt. 66).[1]

### I.    Background

On January 22, 2021, Plaintiff Brushy Creek Family Hospital, LLC ("Brushy Creek") treated Frank Lucero, who was enrolled in a group health insurance policy issued to his employer ("the Plan") by Defendant Blue Cross Blue Shield of Texas ("BCBSTX"), a Division of Health Care Service Corporation. Dkt. 52 at 6. After Lucero was discharged, Brushy Creek submitted to BCBSTX claims for treatment totaling $51,419. *Id*. at 9. BCBSTX determined that Brushy Creek

---

[1] The District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 72.

requested reimbursement under an inapplicable billing code and double-billed for services, calculating that it was responsible for only $197.44 under the Plan. *Id.* at 10, 12, 256.

After BCBSTX informed Lucero of its adjudication of Brushy Creek's claims, Brushy Creek submitted a "Claim Review Form" to BCBSTX requesting reconsideration. *Id.* at 14, 191. BCBSTX informed Brushy Creek that it would not change the payment and stated that Brushy Creek could request mediation of the decision with the Texas Department of Insurance. *Id.* at 15, 213. After unsuccessful mediation, Brushy Creek sued BCBSTX in Texas state court, asserting claims for violating the Texas Insurance Code and breach of implied contract. *Id.* at 15; Plaintiff's Original Petition, Dkt. 1-5.

BCBSTX removed the case to this Court, asserting that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempted Brushy Creek's claims. Dkt. 1 at 2. After the Court denied Brushy Creek's motion to remand, Dkt. 21, Brushy Creek amended its Complaint to add claims for benefits due and breach of fiduciary duty under an ERISA plan. First Amended Complaint, Dkt. 25. Brushy Creek later dropped all claims except its claim for benefits due under 29 U.S.C. § 1132(a)(1)(B) (ERISA Section 502(a)(1)(B)). Second Amended Complaint, Dkt. 36.

In its summary judgment motion, BCBSTX argues that (1) Brushy Creek failed to exhaust administrative remedies, and (2) it correctly adjudicated Brushy Creek's claim. Because the Court finds BCBSTX's first argument dispositive, it need not reach the second.

## II.    Legal Standards

ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). Under 29 U.S.C. § 1133(2), every ERISA plan must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the

decision denying the claim." Before a claimant may sue to receive benefits from an ERISA plan, the claimant "must first exhaust available administrative remedies under the plan." *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000). Because the exhaustion requirement is an affirmative defense, the defendant has the burden of proof. *Mission Toxicology, LLC v. UnitedHealthcare Ins.*, 499 F. Supp. 3d 338, 347 (W.D. Tex. 2020). After the defendant carries its burden, the plaintiff has the burden to show an applicable exception. *Id.* A plaintiff need not exhaust administrative remedies when attempting to do so would be futile or for another valid reason, including when "a claimant relies to his detriment on the words and actions of high-ranking company officers who purport to negotiate benefit decisions without actual authority." *Bourgeois*, 215 F.3d at 481-82.

Standard summary judgment rules control in ERISA cases. *Miller v. Reliance Standard Life Ins.*, 999 F.3d 280, 282 (5th Cir. 2021). Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If the nonmoving party fails to make a showing sufficient to establish an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.     Analysis

#### A. Brushy Creek Failed to Exhaust Administrative Remedies

BCBSTX argues that Brushy Creek failed to exhaust its administrative remedies because it never appealed the claim determination using the procedure authorized by the Plan. Dkt. 52 at 18. The Plan states:

> An appeal of an Adverse Benefit Determination may be filed by You or a person authorized to act on Your behalf. In some circumstances, a health care provider may appeal on his/her own behalf. Your designation of a representative must be in writing as it is necessary to protect against disclosure of information about You except to Your authorized representative.

Dkt. 52 at 140. The Plan sets out the process for obtaining an Authorized Representative Form and for an appeal by the insured or the insured's authorized representative. *Id.* The Plan also instructs that before "You or Your authorized representative may bring any action to recover benefits the claimant must exhaust the appeal process." *Id.*

BCBSTX argues that Brushy Creek did not start the appeals process for Lucero's claim because it failed to submit Lucero's designation of it as his representative in writing. *Id.* at 18. It states that Brushy Creek instead "chose to submit a Claim Review request, a procedure available to providers like Brushy Creek," which is not an appeal under the Plan. *Id.* Unlike an ERISA claim, the claim review request does not require any authorization from a plan member. *Id.*

Brushy Creek does not dispute that it did not submit an appeal through the process available to Lucero, but argues that the claim review it submitted was "not specifically excluded by the Plan as an appeal." Dkt. 60 at 12. Brushy Creek also cites the Plan's language that in "some circumstances, a health care provider may appeal on his/her own behalf," and argues that because the Plan provides no other instructions for a health care provider appealing on its own behalf, BCBSTX should not be allowed to "impose additional steps in the appeal." *Id.* at 10. Brushy Creek

points out that BCBSTX does not cite Plan language stating that the claim review process for providers is not an appeal under the Plan. *Id.* at 13.[2]

The exhaustion requirement is not excused when a plaintiff argues that the Plan's information is incomplete because the plaintiff has a "duty to seek the necessary information even if it has not been made available." *Bourgeois*, 215 F.3d at 480. When an ERISA plan sets out a specific process for appealing a claim, "'informal attempts to substitute for the formal claims procedure,' such as filing appeals to the wrong body, do not satisfy the exhaustion requirement." *Angelina Emergency Med. Assocs. P.A. v. Health Care Serv. Corp.*, No. 3:18-CV-0425-X, 2024 WL 102666, at *11 (N.D. Tex. Jan. 9, 2024) (citation omitted). The Plan required Lucero or his authorized representative to exhaust the appeals process. Dkt. 52 at 140. Brushy Creek's reliance on the claim review submitted through BCBSTX's alternative process, which is not listed in the Plan, is "insufficient to show that [it] pursued any claim or appeal on behalf of [Lucero]." *Mission Toxicology*, 499 F. Supp. 3d at 349.

Also, Brushy Creek's ERISA claim is not brought on its own behalf. Standing to bring an ERISA claim under § 1132(a) for benefits under a plan "is limited to participants, beneficiaries, the Secretary [of Labor], or fiduciaries." *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th Cir. 2003). Healthcare providers may not sue to collect benefits under ERISA in their own right, but providers that obtain an assignment of rights from plan beneficiaries "may bring ERISA suits standing in the shoes of their patients." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015).

---

[2] Brushy Creek also attaches to its response an "Assignment of Benefits/ERISA Authorized Representative Form" signed by Lucero. Dkt. 60 at 20. BCBSTX states that this form was not provided to the claims administrator before litigation, Dkt. 66 at 5, and Brushy Creek does not contend otherwise. The form is not part of the administrative record and cannot be considered here. *LifeCare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs, Inc.*, 761 F. Supp. 2d 426, 434 (N.D. Tex. 2011), *aff'd*, 703 F.3d 835 (5th Cir. 2013).

Brushy Creek was required to exhaust the benefits available to Lucero under the Plan. *Mission Toxicology*, 499 F. Supp. 3d at 350. BCBSTX has shown that while Brushy Creek pursued another way to resolve the claim dispute, it did not follow the procedure set out in the Plan. Because Brushy Creek did not appeal BCBSTX's adjudication of Lucero's benefits through the available procedure, it failed to exhaust its administrative remedies.

## B. Blue Cross Blue Shield Is Not Estopped From Asserting Failure to Exhaust

Brushy Creek does not argue that exhaustion was futile, but that it should be excused from the exhaustion requirement because it relied on BCBSTX's representations that "the benefits at issue fell under Texas law." Dkt. 60 at 4. Based on these representations, Brushy Creek asked for mediation through the Texas Department of Insurance ("TDI"). *Id.* Brushy Creek argues that BCBSTX "now invokes provisions of the ERISA plan that were not known to Brushy Creek" despite leading Brushy Creek to reasonably believe that BCBSTX "was administering the claim through Texas mediation provisions and that all appeals had been exhausted." *Id.* at 4-5. Brushy Creek asserts that BCBSTX repeatedly informed it that the disputed claim was subject to TDI mediation and not that the dispute was not considered an appeal under the Plan.[3] *Id.* at 11. For these reasons, Brushy Creek asks the Court to estop BCBSTX from asserting the exhaustion defense and exercise its discretion to excuse its failure to exhaust.

Brushy Creek relies on *Bourgeois* to argue that BCBSTX cannot prevail on its failure to exhaust defense. In that case, the Fifth Circuit estopped an insurer from arguing that an ERISA claim was untimely because the insurer never referred him to the proper appeals committee despite engaging in benefits negotiations, sending the claimant "on a wild goose chase, effectively extinguishing his time to apply for benefits." *Bourgeois*, 215 F.3d at 481-82. Brushy Creek argues

---

[3] Brushy Creek also argues that TDI requires all internal appeals to be exhausted, although the statutes implementing the TDI mediation process do not require exhaustion. TEX. INS. CODE §§ 1467.050-1467.060.

that *Bourgeois* supports estoppel because it relied to its detriment on BCBSTX's participation in the claim review and failure to state that the review was not an appeal under ERISA. Dkt. 60 at 10. Brushy Creek also contends that BCBSTX cannot rely on exhaustion when it willingly participated in the mediation process. *Id.* at 11.

The Court is not persuaded by these arguments. Unlike ERISA, the TDI mediation process does not require an assignment of benefits from the patient. TEX. INS. CODE § 1467.051(a) (permitting any out-of-network provider to request mediation of a settlement of an out-of-network health benefit claim). BCBSTX correctly argues that Brushy Creek failed to "make clear it was filing a member-authorized appeal" because it did not provide Lucero's authorization in writing. Dkt. 66 at 6. Because Brushy Creek did not provide BCBSTX the assignment of benefits from Lucero, it did not inform BCBSTX that Brushy Creek had been assigned Lucero's benefits and intended to file an appeal subject to ERISA.

Brushy Creek's "circumstances are certainly unlike those in *Bourgeois*, where the ERISA plan affirmatively misled the applicant." *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1019 (5th Cir. 2009). BCBSTX negotiated with Brushy Creek in an alternative process. The Plan provides an appeals process that Brushy Creek failed to follow, and *Bourgeois* did not require BCBSTX to inform Brushy Creek of that procedure when it was not notified that Brushy Creek intended to appeal under the Plan.

## C. Conclusion

The Court finds that BCBSTX has carried its burden to show that Brushy Creek failed to exhaust its administrative remedies, and Brushy Creek has not shown that it is entitled to an exception. Brushy Creek's ERISA claim is barred by its failure to exhaust.

### IV.      Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Blue Cross Blue Shield of Texas' Amended Opening Brief and Motion for Summary Judgment (Dkt. 52) and **ENTER FINAL JUDGMENT** for BCBSTX.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable James R. Nowlin.

### V.      Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 30, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE